IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY E. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-272-KFP |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant. Doc. 20. The Commissioner seeks remand for further administrative proceedings as follows:

> Upon remand, the Appeals Council will instruct the ALJ to further evaluate the claimant's symptoms; further evaluate the claimant's RFC; in so doing, further evaluate the treating source opinions of Dr. Halaynch and explain the weight accorded; if necessary, obtain a medical expert opinion from a cardiologist to determine whether the claimant's physical impairments meet or equal a listing, and if not, to determine the claimant's RFC. If warranted, the ALJ will obtain supplemental vocational expert testimony and either determine if the claimant can perform reasoning level 1 jobs or, otherwise, elicit testimony from the vocational expert reconciling how a person limited to "short and simple" instructions would be able to work jobs with a reasoning level of 2, requiring that a person "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." The Appeals Council will also instruct the ALJ to take any further actions necessary to complete the administrative record; offer the claimant an opportunity for a hearing; and issue a new decision.

*Id.* at 1-2.

Sentence Four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). In this case, the Court finds reversal and remand necessary, as Defendant concedes reconsideration and further administrative proceedings are required. Doc. 20 at 1–2.  Accordingly, it is

ORDERED that the Commissioner's motion (Doc. 20) is GRANTED. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to 42 U.S.C. § 405(g). It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

A separate judgment will issue.[1]

DONE this 4th day of March, 2021.

    /s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties consented to entry of final judgment by the United States Magistrate Judge pursuant to 28 U.S.C. 636(c). Docs. 6, 7.